IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HERBERT L. MONIZ and ANTOINETTE L. A. VARES<br><br>Plaintiff(s),<br><br>vs.<br><br>STATE OF HAWAII (*Attn: Judges, Clerks, Police Officers, Police Commission, Sheriff's Department, Judge G. S. Hara, Judge Nakamura in the District Court of the Third Circuit, In the Circuit Court of the Third Circuit Hilo Division*); DEPARTMENT OF LAND AND NATURAL RESOURCES, STATE OF HAWAII; DEPARTMENT OF TAXATION, STATE AND COUNTY; INTERNAL REVENUE SERVICE; and STATE LAND USE COMMISSION.<br><br>Defendants.<br>_____ | CIV. NO. 13-00086 DKW BMK<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE |

## **ORDER DISMISSING COMPLAINT WITH PREJUDICE**

### **I. INTRODUCTION**

On February 21, 2013, Plaintiffs Herbert L. Moniz and Antoinette L.A. Vares ("Plaintiffs") filed this action naming as Defendants: Hawaiʻi state

judges, clerks, police officers; the state Department of Land and Natural Resources; the state Department of Taxation; the state Land Use Commission; and the Internal Revenue Service. Plaintiffs assert that this action invokes the court's admiralty and maritime jurisdiction, and the Complaint is styled as a "Bill of Lading/Salvage Claim." It appears that Plaintiffs are attempting to contest a traffic violation and/or eviction following a foreclosure adjudicated in Hawai'i state court, on the grounds, *inter alia*, that they possess title to the state District Court of the Third Circuit and that Hawai'i state courts have no "personam jurisdiction" over them.

Upon *sua sponte* review, the court DISMISSES the Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6). Because this action is wholly frivolous and Plaintiffs do not state a claim against the state courts or agencies, this dismissal is with prejudice.

## II. STANDARD OF REVIEW

Because Plaintiffs are proceeding pro se, the court liberally construes their pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear

that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

The court may also dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that

"each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### III.  DISCUSSION

The Complaint, although not clear whatsoever, appears to assert that the State of Hawaiʻi does not have clear title to any land within the state, and that Plaintiffs possess clear titles and "royal patents to the lands of this court house,

third district, circuit court, Hilo Division and I gave you no permission to put this building vessel on my land and you have no authority over me and my family sovereign Heir Successors." Compl. at 3. Plaintiffs also appear to claim that the state courts are without jurisdiction to enter any orders or apply the laws of the United States or State of Hawaiʻi. As a result, the Complaint alleges that various court actions are illegal and/or improper.

These allegations are frivolous for several reasons. First, the Ninth Circuit, this district court, and Hawaiʻi state courts have all held that the laws of the United States and the State of Hawaiʻi apply to all individuals in this State. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaiʻi district court has jurisdiction over Hawaiʻi residents claiming they are citizens of the Sovereign Kingdom of Hawaiʻi); *Kupihea v. United States*, 2009 WL 2025316, at *2 (D. Haw. July 10, 2009) (dismissing complaint seeking release from prison on the basis that plaintiff is a member of the Kingdom of Hawaiʻi); *State v. French*, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.") (quotations omitted).

Second, setting aside Plaintiffs' assertions of admiralty jurisdiction,[1] there is no other basis for this court's jurisdiction. A complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

Third, judicial immunity bars Plaintiff's claims against the state judges. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

---

[1] Admiralty concerns accidents and/or commerce, which occur at sea. As far as the court can discern, none of Plaintiffs' contentions concern actions that occurred at sea rendering inapplicable Plaintiffs' assertions of admiralty jurisdiction.

authority."). Thus, Plaintiff cannot bring suit against the state courts for applying the laws of the State of Hawaiʻi.

The court therefore DISMISSES the Complaint pursuant to Rule 12(b)(6) as legally frivolous and failing to confer jurisdiction on this court. *See Franklin*, 745 F.2d at 1227 n.6. Although the court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," *see Lucas*, 66 F.3d at 248, there is no amendment that can save this Complaint. Thus, this dismissal is without leave to amend.

## IV.  **CONCLUSION**

For the reasons stated above, the court DISMISSES the Complaint with prejudice. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 13, 2013.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Herbert L. Moniz, et al. v. State of Hawaii, et al.; CV. 13-00086 DKW BMK; ORDER DISMISSING COMPLAINT WITH PREJUDICE